JJD:SSA
F. #2021R00269

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N D I C T M E N T |
| - against - | Cr. No. 1:21-cr-00540(PKC)(VMS) |
| RIGOBERTO GARCIA,<br>   also known as "Chris Perez,"<br>"Sean Alvarez," "Steven Skylar,"<br>"David Schineberg" and<br>"Nate Floriano," | (T. 18, U.S.C., §§ 2251(a), 2251(e),<br>2252(a)(4)(B), 2252(b)(2), 2253(a),<br>2253(b), 2422(b) and 3551 et seq.;<br>T. 21, U.S.C., § 853(p)) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

COUNT ONE
(Coercion and Enticement of Jane Doe #1)

1. In or about August 2018, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," using one or more facilities and means of interstate and foreign commerce, to wit: mobile telephones, the Internet and mobile Internet applications, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: sexual misconduct, in

violation of New York State Penal Law Section 130.20(1) and (2); and the use of a child in a sexual performance, in violation of New York State Penal Law Section 263.05.

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

## COUNT TWO
(Sexual Exploitation of Jane Doe #1)

2.  In or about August 2018, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile Internet devices, computers and smartphones.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT THREE
(Coercion and Enticement of Jane Doe #2)

3.  In or about September 2018, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," using one or more facilities and means of interstate and foreign commerce, to wit: mobile telephones, the Internet and mobile Internet applications, did knowingly and intentionally persuade, induce,

entice and coerce an individual who had not attained the age of 18 years, to wit: Jane Doe #2, an individual whose identity is known to the Grand Jury, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: sexual misconduct, in violation of New York State Penal Law Section 130.20(1) and (2); and the use of a child in a sexual performance, in violation of New York State Penal Law Section 263.05.

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

## COUNT FOUR
(Sexual Exploitation of Jane Doe #2)

4. In or about September 2018, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #2, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile Internet devices, computers and smartphones.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT FIVE
(Coercion and Enticement of Jane Doe #3)

5. In or about and between April 2019 and October 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," using one or more facilities and means of interstate and foreign commerce, to wit: mobile telephones, the Internet and mobile Internet applications, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to wit: Jane Doe #3, an individual whose identity is known to the Grand Jury, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: sexual misconduct, in violation of New York State Penal Law Section 130.20(1) and (2); and the use of a child in a sexual performance, in violation of New York State Penal Law Section 263.05.

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

COUNT SIX
(Sexual Exploitation of Jane Doe #3)

6. In or about and between April 2019 and October 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #3, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting

interstate and foreign commerce by any means, to wit: one or more mobile Internet devices, computers and smartphones.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT SEVEN
(Coercion and Enticement of Jane Doe #4)

7.      In or about and between January 2020 and February 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," using one or more facilities and means of interstate and foreign commerce, to wit: mobile telephones, the Internet and mobile Internet applications, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to wit: Jane Doe #4, an individual whose identity is known to the Grand Jury, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: sexual misconduct, in violation of New York State Penal Law Section 130.20(1) and (2); and the use of a child in a sexual performance, in violation of New York State Penal Law Section 263.05.

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

## COUNT EIGHT
(Sexual Exploitation of Jane Doe #4)

8.      In or about and between January 2020 and February 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #4, to engage in sexually

explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile Internet devices, computers and smartphones.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT NINE
(Coercion and Enticement of Jane Doe #5)

9. In or about March 2020, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," using one or more facilities and means of interstate and foreign commerce, to wit: mobile telephones, the Internet and mobile Internet applications, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to wit: Jane Doe #5, an individual whose identity is known to the Grand Jury, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: sexual misconduct, in violation of New York State Penal Law Section 130.20(1) and (2); and the use of a child in a sexual performance, in violation of New York State Penal Law Section 263.05.

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

## COUNT TEN
(Sexual Exploitation of Jane Doe #5)

10. In or about March 2020, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #5, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile Internet devices, computers and smartphones.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT ELEVEN
(Coercion and Enticement of Jane Doe #6)

11. In or about March 2020, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," using one or more facilities and means of interstate and foreign commerce, to wit: mobile telephones, the Internet and mobile Internet applications, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to wit: Jane Doe #6, an individual whose identity is known to the Grand Jury, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: sexual misconduct, in

violation of New York State Penal Law Section 130.20(1) and (2); and the use of a child in a sexual performance, in violation of New York State Penal Law Section 263.05.

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

## COUNT TWELVE
(Sexual Exploitation of Jane Doe #6)

12. In or about March 2020, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #6, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile Internet devices, computers and smartphones.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT THIRTEEN
(Coercion and Enticement of Jane Doe #7)

13. On or about and between March 2020 and September 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," using one or more facilities and means of interstate and foreign commerce, to wit: mobile telephones, the Internet and mobile Internet

applications, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to wit: Jane Doe #7, an individual whose identity is known to the Grand Jury, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: sexual misconduct, in violation of New York State Penal Law Section 130.20(1) and (2); and the use of a child in a sexual performance, in violation of New York State Penal Law Section 263.05.

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

## COUNT FOURTEEN
(Sexual Exploitation of Jane Doe #7)

14. On or about and between March 2020 and September 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #7, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile Internet devices, computers and smartphones.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT FIFTEEN
(Attempted Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity)

15. In or about January 2021, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," using one or more facilities and means of interstate commerce, to wit: mobile telephones, the Internet and mobile Internet applications, did knowingly and intentionally attempt to persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to wit: an individual whom GARCIA believed to be a 16-year-old girl, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: sexual misconduct, in violation of New York State Penal Law Section 130.20(1) and (2); and the use of a child in a sexual performance, in violation of New York State Penal Law Section 263.05.

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

## COUNT SIXTEEN
(Attempted Sexual Exploitation of a Child)

16. In or about January 2021, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," did knowingly and intentionally attempt to employ, use, persuade, induce, entice and coerce one or more minors, to wit: an individual whom GARCIA believed to be a 16-year-old girl, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and

transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile Internet devices, computers and smartphones.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT SEVENTEEN
(Attempted Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity)

17. In or about and between July 2014 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," using one or more facilities and means of interstate commerce, to wit: mobile telephones, the Internet and mobile Internet applications, did knowingly and intentionally attempt to persuade, induce, entice and coerce one or more individuals who had not attained the age of 18 years, to wit: Jane Does #8-11, individuals whose identities are known to the Grand Jury, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: sexual misconduct, in violation of New York State Penal Law Section 130.20(1) and (2); and the use of a child in a sexual performance, in violation of New York State Penal Law Section 263.05.

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

## COUNT EIGHTEEN
(Attempted Sexual Exploitation of a Child)

18. In or about and between July 2014 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," did knowingly and intentionally attempt

12

to employ, use, persuade, induce, entice and coerce one or more minors, to wit: Jane Does #8-11, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile Internet devices, computers and smartphones.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

COUNT NINETEEN
(Possession of Child Pornography)

19. In or about and between July 2014 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York, the defendant RIGOBERTO GARCIA, also known as "Chris Perez," "Sean Alvarez," "Steven Skylar," "David Schineberg" and "Nate Floriano," did knowingly and intentionally possess matter which contained one or more visual depictions, to wit: digital images contained on electronic devices seized from him by the New York City Police Department on January 21, 2021, that had been mailed, and had been shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means including by computer, the production of such visual depictions having

involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

20. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of (a) any visual depiction described in Sections 2251, 2251A, 2252, 2252A, 2252B or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting, or traceable to, gross profits or other proceeds obtained from such offenses; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property, including but not limited to: (i) one Gray Apple iPhone; (ii) one Black Apple iPhone; (iii) one Sony Video Camera with serial number 3223009; and (iv) one Black Apple iPad with serial number DMPDV077NR71, which were seized on or about January 21, 2021 from the defendant's person.

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____Stella Alcide_____
FOREPERSON

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2018R00269
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

RIGOBERTO GARCIA,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 2251(a), 2251(e), 2252(a)(4)(B), 2252(b)(2), 2253(a), 2253(b), 2422(b) and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____ *Stella Alarde* _____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 \_\_\_\_\_

_____
Clerk

Bail, $ _____

_____

*Samantha Alessi, Assistant U.S. Attorney (718) 254-6099*